IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN MENDEZ,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-03-2370 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **JOHN NASH,** | : | |
| | : | |
| Respondent | : | |

# MEMORANDUM

## I. Introduction

Petitioner, Juan Mendez, an inmate at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondent is John Nash. Petitioner challenges the loss of good conduct time ("GCT") as a disciplinary sanction for a misconduct occurring while he was a pre-trial detainee. The petition has been fully briefed, and it is ripe for disposition. For the reasons that follow, the petition will be denied.

## II. Background

On August 7, 2001, Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania, to seven counts of cocaine-related offenses. (Doc. 7 at 10.)  As a result of the plea, Petitioner was sentenced on December 20, 2001, to concurrent terms of 100 months imprisonment on each count.  (*Id.* at 10-11.) On July 1, 2001, while in pre-trial detention at the Philadelphia Federal Detention Center, awaiting entry of his plea and sentencing, Petitioner was involved in a fight with another inmate.  (*Id.* at 15.)  Consequently, Petitioner received a misconduct, charging him with "fighting with another person" and "refusing an order." (*Id.*)  At his disciplinary hearing on July 11, 2001, the Disciplinary Hearing Officer found Petitioner guilty of the charged offenses, and Petitioner was sanctioned with disciplinary segregation and disallowance of 27 days GCT.  (*Id.* at 20.)

The instant petition ensued.  Petitioner challenges the loss of GCT as a disciplinary sanction for a misconduct occurring while he was a pre-trial detainee, arguing that the Bureau of Prisons ("BOP") lacked authority to sanction him while in U. S. Marshall custody.  Respondent claims that Petitioner's claim is without merit. The court agrees.

**III.   Discussion**

**Good Conduct Time**

The statutory authority for awarding GCT to federal prisoners is set forth in 18 U.S.C. § 3624(b), which provides that

> a prisoner who is serving a term of imprisonment of more than one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional regulations.

18 U.S.C. § 3624(b). The BOP's interpretation of this statute appears in Program Statement 5880.28, which states that "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." *See* Doc. 7, Ex. 4 at 2-3. Thus, at the end of the first year and each full year thereafter, the BOP makes a determination whether, during that year, the prisoner has "displayed exemplary compliance with institutional regulations." 18 U.S.C. § 3624(b)(1). If so, the BOP subtracts 54 days from the remainder of the term to be served, not from the year already served.

3

In regard to the exemplary compliance determination, the disciplinary rules apply to all persons committed to the care, custody, and control (direct or constructive) of the BOP.  28 C. F. R. § 541.10(a).  Moreover, under BOP Program Statement 7331.04, subject to exceptions not applicable here, "policies and standards applicable to persons committed to the custody of the Attorney General or the Bureau of Prisons apply also to pretrial inmates . . . ."  A pretrial inmate is "a person who is legally detained but for whom the Bureau of Prisons has not received notification of conviction."  BOP Program Statement 7331.04, ¶ 7 [§ 551.101].  Thus, Petitioner was subject to the same disciplinary provisions as convicted inmates while he was in pretrial confinement.

Although it is undisputed that Petitioner was eligible to receive GCT for the time he spent in pre-trial detention, GCT is discretionary.  The statute is clear and unambiguous in its mandate that accrual of GCT is subject to the requirement of exemplary compliance with prison regulations.  Petitioner failed to meet this criteria, and as a result he was ineligible for the full 54 days of GCT for the first year of imprisonment.  Thus, the disallowance of 27 days GCT for misconduct is permitted.

## **III. Conclusion**

In accordance with the foregoing discussion, the court will deny Petitioner's petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 20, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JUAN MENDEZ,** :
:
      **Petitioner** : **CIVIL NO. 1:CV-03-2370**
:
      **v.** : **(Judge Rambo)**
:
**JOHN NASH,** :
:
      **Respondent** :

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to close this case.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: December 20, 2005.